IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §  Criminal No. 4:13-cr-182-SDJ-CAN-1 |
| | § |
| CHRISTOPHER LYNN PRADO | § |
| | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Judge referred the matter to the undersigned for a report and recommendation, the Court conducted a hearing on August 18, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Camelia Lopez.

On February 24, 2015, United States District Marcia A. Crone sentenced Defendant to a term of one hundred (100) months' imprisonment and five (5) years of supervised release. On April 27, 2020, this case was reassigned to United States District Judge Sean D. Jordan.

On June 17, 2021, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 191). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall not purchase, possess, use, distribute, or administer any controlled substance, except as prescribed by a physician; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall not purchase, possess, use, distribute, or administer any controlled substance, except as prescribed by a physician; (6) Defendant shall participate in a drug test and treatment

1

program under the guidance and direction of the United States Probation Officer; and (7) Defendant shall not associate with any persons convicted of a felony unless granted permission to do so by the Probation Officer.

The Petition asserts that Defendant violated these conditions because: (1) on September 11, 2020 and November 12, 2020, Defendant was arrested and charged, respectively, for unlawful possession of a controlled substance and possession of drug paraphernalia under state law; (2) the same arrest and charge violated the condition that Defendant shall not unlawfully possess a controlled substance; (3) on March 25, 2021, Defendant was convicted of possession of a controlled substance under state law; (4) on October 26, 2020 and October 30, 2020, Defendant made a verbal and written admission to using methamphetamine and his urine sample tested positive for the substance, respectively; (5) on December 6, 2020, December 8, 2020, and May 18, 2021, Defendant made a verbal and written admission to using amphetamine or methamphetamine, he did not submit a urine sample as instructed, and he admitted in writing to ingesting two tablets of Adderrall without a prescription, respectively; (6) on December 7, 2020, April 23, 2021, and April 30, 2021, Defendant did not appear for a substance abuse assessment and did not attend two scheduled drug treatment services, respectively; and (7) on September 10, 2020, the Probation Officer learned Defendant entered into a relationship with a convicted felon, and the Probation Officer had not authorized Defendant's contact with this person.

At the August 18, 2021 hearing, Defendant entered a plea of guilty as to all seven allegations. Defendant also consented to revocation of his supervised release and waived his right to file objections with the District Judge. *See* Dkt. 200. Therefore, the Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 18, 2021 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, to be served consecutively from any other sentence imposed, followed by forty-eight (48) months of supervised release. Additionally, the Court recommends Defendant be placed at a Federal Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**So ORDERED and SIGNED this 19th day of August, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE