IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:13-cr-00182-SDJ-AGD |
| | § | |
| CHRISTOPHER LYNN PRADO (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 222 (sealed).

PROCEDURAL HISTORY

On February 24, 2015, United States District Judge Marcia A. Crone sentenced defendant Christopher Lynn Prado to 100 months of imprisonment followed by five years of supervised release. Dkt. 116 at 1–3. Prado's most recent term of supervised release commenced on February 15, 2022. Dkt. 222 at 1 (sealed).

In April 2025, a probation officer petitioned the court for a warrant, alleging that Prado had violated 13 conditions of his supervised release, including conditions that required him to: (a) not commit another federal, state, or local crime; (b) not unlawfully possess a controlled substance; and (c) not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon. Dkt. 222 at 1–5 (sealed). The petition asserted, among other things, that in January 2024, Prado was indicted in the Eastern District of Texas for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug-trafficking crime. *Id.*

A final revocation hearing was held before me on May 27, 2025. The government moved to dismiss allegations 1–7 and 11–13. Minute Entry for May 27, 2025. Prado pled true to the three remaining allegations. *Id.* He also consented to revocation of his supervised release and waived his right to object to my proposed findings and recommendations. *Id.*; Dkt. 230. The government requested a sentence of 27 months of imprisonment with no term of supervised release to follow,

which is within the federal sentencing policy statements; the defendant agreed. After hearing argument from counsel, the court announced what its recommendation would be.

## RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, and having considered both parties' arguments, the court recommends that: (1) allegations 1–7 and 11–13 in the petition for revocation of Prado's supervised release, Dkt. 222 (sealed), be dismissed; (2) Prado's supervised release be revoked based on allegations eight, nine, and ten in that petition, *id.*; (3) Prado be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 27 months, to run consecutively to any other term of imprisonment, with no supervised release to follow; and (4) Prado be placed at a facility in North Texas, if appropriate.

So **ORDERED** and **SIGNED** this 20th day of June, 2025.

_____
Bill Davis
United States Magistrate Judge